UNITED STATES v. GREENE et al.

(District Court, S. D. Georgia, E. D. January 17, 1906.)

CRIMINAL LAW—CONSOLIDATION OF INDICTMENTS—CHARGES RELATING TO SAME TRANSACTION.

Separate indictments against the same defendants, charging severally conspiracy to defraud the United States, embezzlement from the United States, and presenting false claims against the United States, where the alleged object of all of the acts charged was the misappropriation of a fund appropriated by Congress to be expended in a specified river and har-

bor improvement, relate to the same transaction, within the meaning of Rev. St. § 1024 [U. S. Comp. St. 1901, p. 720], and may properly be consolidated for trial thereunder, where it will facilitate the trial and will not be to the prejudice of defendants.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 1376.

Consolidation of or trial of indictment together, see note to Dolan v. United States, 69 C. C. A. 287.]

On Motion to Consolidate Indictments.
See 115 Fed. 343.

Marion Erwin, U. S. Atty., Samuel B. Adams, and Thomas F. Barr, Sp. Assts. U. S. Atty., and Alexander Akerman, Asst. U. S. Atty.

William Garrard, Peter W. Meldrim, William W. Osborne, and Alexander A. Lawrence, for defendants.

SPEER, District Judge. Orally. The law upon this subject is not in any sense ambiguous. Section 1024 of the Revised Statutes [U. S. Comp. St. 1901, p. 720.] provides:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts, and if two or more indictments are found in such cases, the court may order them to be consolidated."

Now, that is the act of Congress which is controlling upon the action of the court. It specifically makes the consolidation of indictments relating to the same transactions, and which may be properly joined, as fully equivalent to the joining in many counts, relative to the same transaction, and which may be properly joined in one indictment. It is fully sustained by the decisions of the Supreme Court quoted. Nothing is offered to the contrary, save the arguments or principles submitted by one of the counsel for the prisoners.

The law in our own states accomplishes the same thing in another way. For instance, in a charge of murder there is implied a charge of manslaughter, as I understand. The charge also for manslaughter of different grades, a charge of assault and battery, or, perhaps, a charge of simple assault. There are murders which are felonies, manslaughters which are felonies, manslaughters which are misdemeanors, included by operation of law in one indictment. Now, we scarcely lodge an indictment in this court, in an ordinary case of misdemeanor, which does not contain counts in regard to which are different punishments. Take a case of illicit distillation. The printed forms of the indictment will disclose a charge for carrying on the business of a distiller without giving bond, removing distilled spirits on which the tax has not been paid, for working in a distillery over which no sign is kept with the words "Registered Distillery" in plain letters, as required by law. Each of these offenses have different penalties attached to them by an act of Congress, and yet there is no difficulty whatever in trying and reaching a proper verdict where the accusations of these crimes are on an indictment of that sort. Now,

it is not to be questioned that much may be said, and forcibly said, upon the general lines of arguments submitted by Mr. Meldrim; but, unhappily for the argument, lucid and graceful as it is, the court is controlled by the imperative language of the statute.

Now, the next inquiry is: Are these acts or transactions connected together? Or, are they acts or transactions of the same class of crimes? In either case, there may be a consolidation. Let us look at the general aspect of the case. Of course, we are bearing in mind that what the court may say is accompanied by the statement, which has been made and will again be made at the proper time, that the prisoners are assumed to be innocent till the contrary is proved; yet it has been made manifest that it is the policy of the government to appropriate from the treasury often large sums to improve the harbors and rivers of the United States. This I believe is done under the general welfare clause of the Constitution, or under the provision to regulate interstate and foreign commerce. There has been a long contest over it by gentlemen who take different views of our organic law, some who insist that it is merely a compact, and so forth, with very limited and restricted powers, also insisting that Congress has no right to vote money for internal improvements of this character; but the pevailing idea has been all along that Congress possesses that right, and, when the act of Congress adopting the proper construction is accompanied by an appropriation for a particular locality, we never hear any bitter resentment expressed on the part of those who reside in that locality.

Thus it was by an appropriation of this character that Congress determined to improve the river and harbor of Savannah, and the port of Fernandina and its approaches. It appropriated sums for this purpose amounting to millions. The expenditure of these funds was intrusted to one of its engineer officers. He was made a disbursing officer. It is alleged in the indictment that these funds were not legally and honestly appropriated for the purpose which Congress intended, but by many crimes, also alleged in the indictments, that it went into— it was misappropriated by the disbursing officer and by the prisoners at the bar.

Now, how can it be said that these indictments do not relate to one and the same transaction? It was the improvement of the approaches to two of the seaports of the nation. It was money coming from a common source, the public treasury; it was money appropriated for a common purpose by the national Legislature; the crimes, it is alleged, were accomplished through the connivance of the disbursing officer of the government and the prisoners at bar.

Nothing can be, in the appropriate language of the assistant district attorney, more completely interlaced about one and the same transaction than the averments in these indictments. The object, according to the allegations, was the misappropriation of this fund, its embezzlement. The consequence injustice to the government and injustice to the people, if the charges are true, were disregarded, and, though perhaps presented in kaleidoscopic forms, if you please, it all relates to the same subject-matter.

Now, in the discretion of the court, it might be true, perhaps, that the court could direct a trial upon each separate issue. How unfair and impracticable would that be! We know how enormous the volume of evidence in this case must be. Is the court to be expected to ignore the power to consolidate all these cases and to impose upon the government and upon the people concerned in the administration of justice reiterated trials, where we must hear the same witnesses, examine the same maps, the same vast volume of records? Courts of law ought to avoid all the burdens as far as possible, in the administration of justice. There can be no possible injury to the defendants. They can meet the charge of embezzlement just as readily as they can meet the charge for misdemeanor. The courts of the United States are not made for the purpose of delaying trials. They are not made for the purpose of wearing out the patience of the government officers and breaking down the prosecution by the multiplication of trials. The object of such courts always is to bring the trial to issue on the merits, and all these different merits may be consolidated into one case.

For all this reason I am very clear (and it is not necessary to cite authorities to support my opinion, they have been already cited), that the court is obliged by its duty to order this consolidation.